IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ALBERT FOCIA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:15-CV-258-WKW |
| | )                    [WO] |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, a federal pretrial detainee incarcerated in the Montgomery City Jail in Montgomery, Alabama, has filed a petition for habeas corpus relief under 28 U.S.C. § 2241. The matter is now before the court for a review of the amended petition under Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts* ["Rule 4"].[1] Upon review, the court concludes that the instant habeas corpus action is due to be summarily dismissed without prejudice under Rule 4.

**I. DISCUSSION**

Petitioner brings this habeas petition challenging the validity and legality of his current detention claiming "the taking of the People into custody was without due process, . . . jurisdiction was fraudulently acquired, [and] . . . respondent has taken unlawful dominion of [Petitioner.]" *Doc. No. 2* at 5. He claims he has been forced and required to involuntarily appear in court and has been denied bail without good cause. *Id.* at 33. Petitioner seeks his immediate release "so that he may return to the jurisdiction of his own court." *Id.* at 5.

---

[1] Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

Petitioner has criminal charges pending against him in this court. *United States v. Focia*, Criminal No. 2:15-CR-17-AKK-WC-1. While § 2241 " 'applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [the petitioner,]' *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981), courts strongly prefer that federal pretrial detainees file an appeal. Thus, 'in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.' *Jones v. Perkins*, 245 U.S. 390, 38 S.Ct. 166, 62 L.Ed. 358 (1918).' " *Jerdine v. U.S.*, 2012 WL 160044, 1 (N.D. Ohio 2012).

The fact this court has jurisdiction over the instant petition does not mean Petitioner has invoked an appropriate remedy by which to challenge matters associated with his federal pretrial detention. A review of the court's docket in Petitioner's criminal proceedings reflect that he has filed numerous *pro* se motions and pleadings.[2] The claims in the instant action fail to reveal the existence of any "exceptional circumstances" requiring resort to the use of habeas corpus rather than seeking appropriate remedies available in his criminal proceedings. "[W]here a defendant is awaiting trial, the appropriate vehicle for claims of constitutional violations include pretrial motions and the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145 (b), (c), but not habeas corpus." *Whitmer v. Levi*, 276 Fed. Appx. 217, 219 (3rd Cir. 2008); *Fassler v. United States*, 858 F.2d 1016, 1018–19 (5th Cir.1988) (finding that the petitioner's challenges to the "basis of his pretrial detention ... demonstrate [] an ingenious device for securing redundant review of these contentions and holding that the remedies available under the Bail Reform Act to challenge pretrial detention orders are strongly preferred to a § 2241 petition); *Moore v. United States*, 875 F. Supp. 620, 624 (D.Neb.1994) ("[W]here habeas claims

---

[2] Petitioner has been appointed stand-by counsel in his criminal case having signed and filed a waiver of counsel. 2:15-CR-17-AKK-WC at Doc. Nos. 9, 15.

raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by raising them at trial and then on direct appeal.").

Because Petitioner may assert his claims in pretrial proceedings in his pending criminal case,[3] the court concludes that the instant § 2241 petition is due to be dismissed without prejudice so Petitioner may pursue appropriate remedies. *See In Re Williams*, 306 F. App'x 818, 819 (4th Cir. 2009) (dismissing § 2241 petition raising claims of illegal arrest, unlawful detention, and violation of speedy trial rights where the petitioner could raise his claims in his pending criminal case).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief be DISMISSED without prejudice under Rule 4, *Rules Governing Section 2254 Cases in the United States District Court*, to afford Petitioner an opportunity to pursue appropriate remedies.

It is further

ORDERED that **on or before July 1, 2015**, Petitioner may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Petitioner objects. Frivolous, conclusive, or general objections will not be considered by the District Court. Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of

---

[3] The court notes that at the time of the entry of this Recommendation, Focia's criminal trial, *United States v. Focia*, 2:15-cr-00017-AKK, is currently underway.

issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this the 17th day of June, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE